Filed 11/23/20  P. v. Matthews CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO MATTHEWS,<br><br>    Defendant and Appellant. | E074541<br><br>(Super.Ct.No. FSB059330)<br><br>OPINION |

APPEAL from a postjudgment order of the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

In 2009, a jury found defendant and appellant Orlando Matthews guilty of five counts of robbery (Pen. Code,[1] § 211), as well as various other true findings. Defendant was sentenced to 24 years four months in prison. About 10 years later in June 2019, pursuant to amended section 1170, subdivision (d)(1) (section 1170(d)(1)), the secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended that the superior court recall the previously imposed sentence and resentence defendant under section 1170(d)(1) in light of his efforts while in prison to rehabilitate himself. Following a hearing, the court declined to recall the sentence without prejudice.

On appeal, defendant contends the trial court abused its discretion in refusing to recall his sentence and resentence him because the court failed to adequately consider the postconviction factors outlined in section 1170(d)(1). We find the trial court acted well within its discretion in declining to recall the sentence and affirm the postjudgment order.

II

FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 4, 5, and 7, 2006, defendant robbed two mini-marts, a gas station, and a hamburger restaurant at gunpoint. Defendant was accompanied by another man

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual and procedural background up until the CDCR's request is taken from this court's nonpublished opinion in defendant's prior appeal. (See *People v. Matthews* (Oct. 27, 2010, E050028) [nonpub. opn.] (*Matthews I*).)

who brandished a gun when the two robbed one of the mini-marts. At trial, defendant testified that the man who robbed one of the mini-marts with him had brought and brandished his own gun, whereas when defendant robbed the other three establishments by himself, he used only a pellet gun, not a "real gun." (*Matthews I*, *supra*, E050028.)

The jury convicted defendant of five counts of robbery stemming from the four incidents and made two true findings that a principal in one of the robberies was armed with a handgun (§ 12022, subd. (d)). The jury found defendant not guilty of two counts of attempted murder and one count of attempted robbery stemming from an incident that allegedly occurred on September 3, 2006, found not true several allegations related to the September 3 incident, and found not true allegations that he had personally used a firearm in the robberies that he committed by himself. After a court trial, the trial court found that defendant had suffered a prior conviction that qualified as both a strike (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and a serious felony (§ 667, subd. (a)). The trial court sentenced defendant to 24 years and four months as follows: the upper term of five years for one of the robberies, doubled to 10 for the prior strike conviction, plus two years for each of the other four robbery convictions, plus one year for one of the two handgun allegations and four months for the other, plus five years for the prior serious felony. (*Matthews I*, *supra*, E050028.)

Defendant subsequently appealed, and in 2010, this court affirmed the judgment in its entirety. (See *Matthews I*, *supra*, E050028.)

3

On June 19, 2019, the secretary of the CDCR sent a letter to the trial court pursuant to section 1170(d)(1), recommending that the court recall defendant's sentence and resentence him. The recommendation was based upon defendant's commendable behavior while in custody and his efforts towards rehabilitation. Specifically, the CDCR noted that defendant had remained "disciplinary free since being received to CDCR on January 19, 2010," worked well with his work team, was "highly motivated," required "little supervision," and participated in numerous programs, such as college classes, a substance abuse program, and other counseling and self-awareness programs.

On September 16, 2019, the People opposed defendant's early release, arguing the section 1170(d)(1) factors do not weigh in defendant's favor.

On November 19, 2019, defendant's counsel filed a response to the People's opposition to resentence defendant pursuant to section 1170(d)(1).

The trial court heard the request to recall and for resentencing on November 22, 2019. Following oral argument, the trial court denied the recommendation to recall defendant's sentence and for resentencing without prejudice. In denying the request, the trial court explained: "The Court in sentencing [defendant] did not take into account the fact that he had been charged with attempted murder. I know this happened a long time ago, but I don't remember being shocked that he was acquitted of those counts. [¶] And I know at the time of sentencing that I was well aware of the death of his son and that at that time Counsel argued that I should take that into account as to the reason why he got into this and restarted a life of crime, for lack of a better word. [¶] And I think that at the

4

time, if I remember correctly, I indicated I understood why that would lead somebody to use substances to kind of dull the pain. But I had a harder time in understanding or discounting the robberies in this case and inflicting that fear and pain on innocent victims. [¶] And I understand that when you use controlled substances your judgment is skewed. But taking into account the factors I am to consider under [section] 1170, I don't believe that, even given the positives that [defendant] does present, a recall of the sentence to a lesser sentence is warranted at this time. And I'm going to deny the 1170(d)(1) resentencing. [¶] I presume that this does not prejudice [defendant] in the future should circumstances continue to go in his favor. But that he would still have the opportunity to file a request as would the C[D]CR."

On January 17, 2020, defendant filed a timely notice of appeal.

III

DICUSSION

Defendant contends the trial court abused its discretion when it declined the CDCR's request to recall his sentence and resentence him because the court failed to properly consider the postconviction factors enumerated in section 1170(d)(1), such as evidence of his rehabilitation, including his positive behavior and accomplishments while in prison.

Section 1170(d)(1) authorizes the secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant "'for any otherwise lawful reason.'" (*People v. Loper* (2015) 60 Cal.4th 1155,

5

1165, quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460 (*Dix*).) The goal of such resentencing is "to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1170(d)(1).)

Specifically, section 1170(d)(1) authorizes the court, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."[3] This provision thus creates "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix*, *supra*, 53 Cal.3d at p. 455; accord, *People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*).)

The CDCR can only recommend to the trial court that it recall and resentence the defendant. The court retains the authority to accept or decline the CDCR's recommendation. The statute is clearly permissive, not mandatory—it uses the verb "may," not "shall." (§ 1170(d)(1); *People v. Humphrey* (2020) 44 Cal.App.5th 371, 378; *Dix*, *supra*, 53 Cal.3d at p. 459, fn. 12; *People v. Gibson* (2016) 2 Cal.App.5th 315, 324 (*Gibson*); *People v. Delson* (1984) 161 Cal.App.3d 56, 62.) If the court chooses to recall

---

[3] The Legislature revised section 1170(d)(1), effective August 6, 2020, to replace "he or she" with "they." For ease of reference we quote section 1170(d)(1) in its current form.

6

and resentence the defendant, it must give some indication that it is doing so. (*People v. Humphrey*, at p. 378.)

We review the superior court's order declining to follow the Secretary of the CDCR's recommendation for abuse of discretion. (*McCallum*, *supra*, 55 Cal.App.5th at p. 211; cf. *Gibson*, *supra*, 2 Cal.App.5th at pp. 324-325 [court's decision whether to recall defendant's sentence under section 1170, subdivision (d)(2), is reviewed for abuse of discretion].) A trial court abuses its sentencing discretion when its decision is arbitrary or capricious, patently absurd resulting in a manifested miscarriage of justice, inconsistent with the letter and spirit of the law, or based on circumstances that constitute an improper basis for decision. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*); *Gibson*, at p. 325.) "'The abuse of discretion standard "involves abundant deference" to the court's ruling.'" [Citations.] We review questions of statutory construction de novo. [Citations.]" (*McCallum*, at p. 211.)

"In deciding *whether to recall* a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' (*Dix*, *supra*, 53 Cal.3d at p. 456.) Further, section 1170, subdivision (d)(1), expressly authorizes the court *in resentencing* a defendant to consider 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original

7

sentencing so that the inmate's continued incarceration is no longer in the interest of justice.'" (*McCallum*, *supra*, 55 Cal.App.5th at p. 210, italics added.)

Section 1170(d)(1) thus contains a two-step process. At the first step, the trial court decides whether to recall the sentence. If the court decides not to recall the sentence, this ends the inquiry. If the court decides to recall the sentence, however, the inquiry moves onto the second step, and the court holds a resentencing hearing. (See § 1170(d)(1); see also *Dix*, *supra*, 53 Cal.3d at p. 463 ["We hold that section 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment. The court may thereafter consider any such reason in deciding upon a new sentence."].)

Utilizing statutory interpretation, the People argue that because the trial court here refused to recall defendant's sentence in the first instance, the court was not required to consider the postconviction factors outlined in section 1170(d)(1). In other words, the People claim the postconviction factors "may be considered by the court upon resentencing but are not necessary when determining whether to recall the sentence in the first place."

Upon reviewing the record, we conclude the trial court never issued an order recalling the sentence. Because the court never recalled the sentence, there was no need for the court to consider the postconviction factors enumerated in section 1170(d)(1). We therefore find no error.

Even if the trial court was required to consider the postconviction factors outlined in section 1170(d)(1), the record establishes that the trial court considered all relevant factors in refusing to recall defendant's sentence and resentence him.

Defendant contends an examination of the postconviction factors enumerated in section 1170(d)(1) shows that the trial court abused its discretion "in denying the resentencing because its decision was inconsistent with the letter and spirit of the law." We disagree. It is defendant's burden to clearly show the sentencing decision was so irrational or arbitrary no reasonable person could agree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*).)

The trial judge here was the original sentencing judge. At the time of the request to recall the sentence, the court was aware of the offenses, defendant's criminal history, his substance abuse history, the death of his son which resulted in defendant restarting a life of crime, and his performance while in prison. As the court noted, defendant had made positive progress while in prison, but "taking into account the factors [the court is] to consider under [section] 1170," the court did not believe "a recall of the sentence to a lesser sentence is warranted at this time."

Defendant emphasizes the significant review that was done by the CDCR and to some extent uses the agency's recommendation as an implied argument it would be unreasonable to reject such a thorough analysis. Of course, the statutory scheme places the decision-making responsibility with the trial court, not prison authorities. While the

9

CDCR's recommendation is entitled to considerable weight, it remains the trial court's responsibility to decide whether to grant or deny the request.

Defendant relies on *People v. Torres* (2020) 48 Cal.App.5th 550, 560 (*Torres*) for the proposition that a trial court cannot ignore established guidelines nor may it summarily consider the factors enumerated in the statute. First, *Torres* was considering section 1170, subdivision (e), dealing with compassionate releases under statutorily established guidelines. That section is substantially different than section 1170(d)(1) dealing with recall of sentences. In any event, it is not necessary to discuss *Torres* in the context of this case and the applicable statute. Simply put, there is nothing in the record to show the trial court ignored mandatory considerations or that it considered improper material. Disagreeing with the CDCR and the defense does not constitute ignoring established guidelines or summarily considering the factors enumerated in the statute. Likewise, the court's failure to explicitly mention the factors enumerated in section 1170(d)(1) in its ruling does not show the court did not consider the factors in declining to recall the sentence and resentence defendant. Here, the court weighed all the material before it and reached a reasoned decision. That defendant disagrees with the court's weighing process does not amount to an abuse of discretion.

The record is clear that the trial court had before it all of defendant's background material, knowledge of the offenses, the CDCR recommendation, and supporting materials separately submitted to the court. It is apparent the decision was made with awareness of the court's discretionary authority and the reasons for and against recall of

10

the sentence. Undoubtedly, reasonable minds could differ on whether to grant or deny this request, which of course only illustrates it is a discretionary judgment not simply an evaluation of legislative established criteria.

We cannot say the court's decision was unreasonable, arbitrary, or a miscarriage of justice. (*Sandoval*, *supra*, 41 Cal.4th at p. 847; *Carmony*, *supra*, 33 Cal.4th at pp. 376-377.) Accordingly, we affirm the judgment.

IV

DISPOSITION

The trial court's November 22, 2019 postjudgment order declining to exercise its discretion for recall and resentencing under section 1170(d)(1) is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

11